## LIVINGSTON FINANCE CORPORATION

## v. LEE APARTMENTS

---

(Jan. 6, 1927.   Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Bills and Notes— Par. 77,. 125.

A rent note which upon its face bears a statement of the consideration for which it is given is a negotiable instrument and a pledgee for value and before maturity is a holder in due course.

Appeal from Civil District Court, Division "D". Hon. Porter Parker, Judge.

Action by Livingston Finance Corporation, Inc., against The Lee Apartments, Inc., et als.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

James G. Schillin, of New Orleans, attorney for plaintiff, appellant.

B. J. Cahn, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J.    Plaintiff, as pledgee of three rent notes of $50.00 each, sues Mrs. Eleanor Buffington, the maker, and the Lee Apartments, Inc., and John L. Costa as endorsers.

Mrs. Buffington does not appear to have been cited. There was judgment by default against the Lee Apartments, Inc., and in favor of the defendant Costa dismissing plaintiff's demand.

The plaintiff alone has appealed.

Costa's defense is based upon the alleged non-negotiability of the rent notes because of the appearance on their face of a statement that the consideration therefor is the rent of a certain apartment. He alleges that there was a failure of consideration, and in the lower court was permitted to offer proof in support of the allegation which apparently convinced the judge a quo.

We are of opinion that this evidence was inadmissible. The plaintiff was a holder in due course of a negotiable instrument and proof of equities existing as between the parties to the instrument inadmissible.

The statement of the consideration for which the note was given did not affect its negotiability under well settled jurisprudence.

Wm. D. Seymour & Co., Inc., vs. Frank Artz et al., 10612 Orl. App. (not yet re-

ported). It is unnecessary to consider whether a defense of failure of consideration can be made by an endorser.

After the filing of plaintiff's petition a payment of $75.00 was made by the Lee Apartments, Inc. Credit must be given accordingly.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that there be judgment in favor of plaintiff, Livingston Finance Corporation, Inc., and against the defendant John L. Costa in the sum of $150.00 with interest at the rate of five per cent per annum from December 15, 1922, and ten per cent attorney's fees upon principal and interest, subject to a credit of $75.00 as of April 26, 1923.